IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:22-CR-73-KAC-JEM |
| ) | |
| MARK THOMAS RENO, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF TEMPORARY RELEASE ON CONDITIONS FOR MEDICAL FURLOUGH**

This case is before the Court on the Defendant's Motion for A Medical Furlough [Doc. 17]. *See* 28 U.S.C. § 636(b). Defendant Reno first appeared on a Criminal Complaint[1] on July 18, 2022, and has been continuously detained since that time and following a detention hearing on July 21, 2022 [Docs. 9, 12]. Defendant asks the Court to release him on a medical furlough while he is hospitalized at the Ephraim McDowell Regional Medical Center ("Ephraim McDowell RMC") in Danville, Kentucky.

Defendant reports that he was hospitalized in Saint Joseph Hospital in London, Kentucky, on August 9, 2022, following a medical episode.[2] Defendant was then transported from Saint Joseph to Ephraim McDowell RMC, where he was treated and discharged back into custody on August 11, 2022. Defendant returned to Saint Joseph on August 13, 2022, and was discharged that day, only to return on August 14, when he was transported by helicopter to Ephraim McDowell RMC. Defendant is currently in the Intensive Care Unit at Ephraim McDowell RMC and,

---

[1]  The Grand Jury returned an Indictment on July 26, 2022 [Doc. 13], but Defendant has not yet been arraigned on the Indictment.

[2]  Specific information about Defendant's medical condition is not provided in Defendant's motion. The Court, however, received additional information on the details of Defendant's medical condition from the United States Marshal Service, and that information has also been provided to the parties. Given the nature of this information, the Court does not include it here.

according to the medical staff at the jail, Defendant has less than a fifty percent chance of survival. Defendant seeks a temporary medical furlough.

The Government does not oppose the requested furlough. The parties agree that upon discharge from the hospital, Defendant will return directly into the custody of the United States Marshal Service ("USMS").

The Court finds Defendant has shown a compelling reason for a temporary medical furlough; that is, to receive treatment for a life-threatening condition. 18 U.S.C. § 3142(i). The Court finds Defendant's motion is well taken and unopposed by the Government, and it [**Doc. 17**] is **GRANTED**. The Court will temporarily release Defendant under the conditions listed herein beginning immediately with the filing of this Order. Upon discharge from Ephraim McDowell RMC, Defendant **SHALL** go immediately and directly into the custody of the USMS. Defense counsel and the USMS are **DIRECTED** to keep the Court apprised of Defendant's location and condition. Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion for a Medical Furlough [**Doc. 17**] is **GRANTED**. Defendant is **ORDERED** temporarily released under the conditions listed herein **beginning immediately with the filing of this Order.**

(2) Assistant Federal Defender Sarah H. Olesiuk, defense counsel, is **DIRECTED** to provide Defendant a copy of this Order, to review the conditions below with Defendant, to obtain Defendant's signature when he is medically able to sign it, and then to return a copy to the Court as soon as possible.

(3) Defendant Mark Reno is **ORDERED** to abide by the following conditions of release during his medical furlough:

    (a) Defendant shall not commit any offense in violation of federal, state, or local law while on furlough in this case.

    (b) Defendant shall remain at Ephraim McDowell RMC, and while there, Defendant is on **home incarceration** at that facility, which means he is restricted to Ephraim McDowell RMC at all times.

(c) Defendant shall abide by the following restrictions on his personal association: Defendant shall have no contact, either direct or indirect, with any witness or victim or with any known convicted felons, drug dealers, drug users, or any person who violates the law, except that, if any member of Defendant's family falls within this category of persons, Defendant may have contact with his family member to discuss family and health-related matters.

(d) Defendant shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.

(e) Defendant shall refrain from any use of alcohol and from any use or unlawful possession of a narcotic drug or other controlled substance, as defined in 21 U.S.C. § 802, unless ordered or prescribed by a licensed medical practitioner.

(f) To the extent that he has not yet done so, Defendant shall execute an authorization for any healthcare provider to release treatment records and information to defense counsel and the USMS for the Eastern District of Tennessee.

(g) Defendant **SHALL RETURN** to the custody of the USMS immediately upon discharge from Ephraim McDowell RMC.

Defendant Mark Reno understands and agrees to abide by the above conditions of temporary release.

Signed by Defendant:_____

The Clerk of Court is **ORDERED** to provide a copy of this Order to the United States Marshal Service and to counsel for both parties.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook,
United States Magistrate Judge